NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

KAYSIE ALLYN MEDRANO, *Appellant*.

No. 1 CA-CR 17-0453
FILED 6-28-2018

Appeal from the Superior Court in Mohave County
No. S8015CR201601601
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

_____

**P E R K I N S**, Judge:

¶1 Kaysie Allyn Medrano appeals her conviction and probation for one count of unlawful use of means of transportation. After searching the entire record, Medrano's defense counsel identified no arguable, non-frivolous questions of law. In accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel advised the Court that she has found no arguable question of law, and requested this Court search the record for fundamental error. Medrano was given an opportunity to file a supplemental brief *in propria persona*, but has not done so. We have reviewed the record and found no error. Accordingly, Medrano's conviction and probation are affirmed.

## FACTUAL AND PROCEDURAL HISTORY

¶2 In October 2016, Medrano received permission from Victim to borrow his vehicle. Medrano returned the vehicle a few days later, but did not return the car key and keychain which Victim had given her. Medrano went back to Victim's home on October 25, 2016, and asked Victim if she could borrow his car again to travel to Nevada. Victim initially gave Medrano permission to borrow his vehicle; however, when Medrano came back to pick up it up, Victim told her that he had changed his mind and that she could not borrow it because he could not be without his vehicle for two weeks. Medrano told Victim that she understood and tossed a key to Victim. When Medrano left, Victim realized that the key Medrano returned was not the one he had given her.

¶3 Victim then discovered his vehicle was missing, so he called the Sheriff's office. He reported that Medrano had his vehicle and where he suspected she had taken it. Deputy Aaron responded to Victim's call and went to the home where Victim suspected Medrano had taken the vehicle. When Deputy Aaron arrived, he saw Victim's vehicle in front of the home. The owner of the home let Deputy Aaron inside and took him to Medrano. Deputy Aaron took Medrano into custody and read her *Miranda* warning.

He also searched Medrano and found the keys to Victim's vehicle in her possession.

¶4        Medrano was charged with theft of means of transportation, a class three felony. The trial court also instructed the jury on a lesser included offense—unlawful use of means of transportation. Medrano was convicted of one count of unlawful use of means of transportation, a class five felony. The court suspended her sentence and placed Medrano on two years of probation.

**DISCUSSION**

¶5        On appeal, we view the facts as reflected in the record in the light most favorable to sustaining the conviction. *State v. Harm*, 236 Ariz. 402, 404 n.2 (App. 2015). Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 (describing our *Anders* review process). A person commits unlawful use of means of transportation if, as relevant here, the person "[k]nowingly takes unauthorized control over another person's means of transportation." Ariz. Rev. Stat. ("A.R.S") § 13-1803(a)(1) (2018). Our review of the record reveals sufficient evidence upon which the jury could determine, beyond a reasonable doubt, that Medrano is guilty of the charged offense.

¶6        The record reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record further reflects that Medrano was represented by counsel at all stages of the proceedings and was present at all critical stages, including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly composed of eight jurors, and the record shows no evidence of jury misconduct. A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The court properly instructed the jury on the elements of the charged offense, the State's burden of proof, and Medrano's presumption of innocence. At sentencing, Medrano had the opportunity to speak and the court stated on the record the factors it found in imposing the probation. Ariz. R. Crim. P. 26.9, 26.10. The probation imposed is an authorized disposition. *See* A.R.S. § 13-902(A)(5)(4) (authorizing probation for up to three years for a class five felony).

**CONCLUSION**

¶7        This Court has searched the record for fundamental error and has found none. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (1999) (in an *Anders*

appeal, "the court itself reviews the record for reversible error"). Accordingly, Medrano's conviction and resulting probation are affirmed.

¶8 Upon filing of this decision, defense counsel is directed to inform Medrano of the status of the appeal and of her future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Medrano has thirty days from the date of this decision to proceed, if she desires, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA